IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    No. 1:CR-03-129 |
| v. | : |
| | :    (Judge Kane) |
| STEVEN ALLEN LYNCH | : |
|     Defendant | : |
| | : |

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 60.) The Court heard testimony on January 12, 2006. Upon due consideration, the Court finds that Petitioner is entitled to § 2255 relief. Accordingly, the Court will vacate Defendant's sentence.

**I.    Background**

On May 28, 2003, the Grand Jury returned an indictment charging Defendant Steven Allen Lynch with one-count of distribution and possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a). (Doc. No. 1.) On September 17, 2003, Petitioner filed a Motion for Leave to file Motion to Suppress Evidence <u>Nunc Pro Tunc</u>. (Doc. No. 37.) The Court granted this motion and a suppression motion was filed. (Doc. No. 59-60.) Following a hearing on October 28, 2003, the Court denied Petitioner's motion to suppress by Order dated October 30, 2003. (Doc. No. 71.)

On February 25, 2004, the Government filed a four-count Superseding Indictment charging Petitioner with: distribution and possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. 841 (a)(1); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (c); felon in possession of a firearm, in violation

to 18 U.S.C. § 922 (g); and possession of a stolen firearm, in violation of 18 U.S.C. § 922 (j). (Doc. No. 79.) On March 23, 2004, Petitioner pled not guilty to the Superseding Indictment. (Doc. No. 84.) Thereafter, the Government filed a one-count Information on April 28, 2004, charging Petitioner with distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 (a). (Doc. No. 93.) Pursuant to a plea agreement, Petitioner entered a conditional plea of guilty to the Information on May 3, 2004, whereby he would be permitted to withdraw his guilty plea if an appeal of the Court's denial of his suppression motion to the Third Circuit was successful.  Defendant was represented by Attorney Laguna on entry of the guilty plea. (Doc. Nos. 99-101.)

On August 16, 2004, Petitioner appeared before the Court to be sentenced, at which time, Petitioner moved to withdraw his guilty plea. (Doc. No. 104.) Following filing of a formal motion and briefing, the Court denied Petitioner's motion to withdraw guilty plea by Order dated November 23, 2004. (Doc. No. 115.) On April 12, 2005, the date appointed for sentencing, the Court sua sponte determined to reconsider Petitioner's motion to withdraw his guilty plea and informed Petitioner of that fact in open court.  Petitioner informed the Court that he did not wish to pursue his motion to withdraw the guilty plea and requested that the Court proceed to sentencing.  Thereafter, the Court sentenced Petitioner to 151 months imprisonment, a period of supervised release of three years, and payment of a $2,000 fine and a $100 special assessment. The judgment of sentence was filed on April 15, 2005.  (Doc. No. 132.)  No timely notice of appeal was filed.

From the time of Petitioner's indictment on May 28, 2003 to the April 12, 2005 sentencing, Petitioner changed counsel four times.  He was represented by Thomas Thornton,

2

Esq., from June 24, 2003 to July 14, 2003; Greg Abeln, Esq., from July 17, 2003 to July 30, 2003; Anser Ahmad, Esq., from July 30, 2003 to January 21, 2004; Roger Laguna, Esq., from January 21, 2004 to February 7, 2005; and Greg Abeln, Esq. from February 14, 2005 through sentencing.  Petitioner was counseled by Anser Ahmad and Roger Laguna during the pretrial motions phase of the case, with Attorney Ahmad preparing and presenting the motion to suppress that serves as the source of Petitioner's dissatisfaction with the outcome of this case.  The motion was ultimately denied but later was critical to the plea agreement negotiated by Attorney Laguna.  The agreement specifically reserved to Petitioner the right to appeal the Court's denial of the motion to suppress.  Attorney Abeln, who represented Petitioner at sentencing, did not participate in preparing and presenting the motion or arriving at the plea agreement.

On September 26, 2005, Petitioner filed a <u>pro se</u> Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 and a supporting memorandum, wherein Petitioner claimed ineffective assistance of counsel.  (Doc. Nos. 138-39.)  The Court appointed Attorney James West to represent Petitioner on January 6, 2006.  (Doc. No. 150.)  On November 28, 2005, the Government filed a response, requesting an evidentiary hearing on the issue.  (Doc. No. 144.)  On January 12, 2006, the Court heard testimony from Attorney Abeln and Petitioner.  (Doc. No. 151.)

**II.     Discussion**

     A.     <u>Legal Standard</u>

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the prisoner's sentence.  28 U.S.C. § 2255 (2004).  However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing.  <u>United States v.</u>

3

Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (quoting United States v. Hill, 368 U.S. 424, 428 (1962)). Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentence to four grounds. Hill v. United States, 368 U.S. 424, 428 (1962). A prisoner may claim relief by alleging that (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." Id.

      B.      Ineffectiveness of Counsel

In the instant matter, Petitioner claims that his counsel was ineffective in not filing an appeal despite being requested to do so. (Doc. No. 139 at 1.) The Supreme Court established a two-prong test for determining whether counsel was so ineffective as to constitute a violation of a Petitioner's right to counsel. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "A defendant must show (1) that counsel made errors so serious that counsel's representation fell below an objective standard of reasonableness, and (2) that such failure resulted in prejudice so as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable." Zettlemoyer v. Fulcomer, 923 F.2d 284, 295 (3d Cir. 1991)(citing Strickland, 466 U.S. at 687-688). A defendant must satisfy both of the Strickland prongs in order to maintain a claim of ineffective counsel. George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).

The first prong of Strickland is met if counsel's performance "fell below an objective standard of reasonableness." Id. at 688. "Judicial scrutiny in this regard, however, is highly deferential." Affinito v. Hendricks, 366 F.3d 252, 258 (3d Cir. 2004). See also Strickland, 466

U.S. at 689. The Court in Strickland observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 US. at 689 (internal citation omitted). Therefore, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

A Defendant has a right, upon conviction in a district court, to an appeal. Coppedge v. United States, 369 U.S. 438, 441-42 (1962). Although this right entitles a defendant to the assistance of counsel in preparation of any such appeal, Anders v. California, 386 U.S. 738, 744 (1967), the decision on whether to appeal ultimately rests with the defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983). The Supreme Court has determined that, when the defendant in a criminal case is indigent, defense counsel must file an appellate brief on the defendant's behalf even if he wishes to withdraw from further representation post-trial. Anders, 386 U.S. at 744.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court addressed the question of whether counsel may be found "deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other[.]" Flores-Ortega, 528 U.S. at 477. The Supreme Court expressly rejected a per se rule that imposes an obligation on counsel in all cases to discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly. Id. at 478. The Court found that it "cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily

5

unreasonable, and therefore deficient.  Such a holding would be inconsistent with both our decision in Strickland and common sense." Id. at 479 (emphasis in original) (although the Court did find that "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal").  Rather, the Court imposed a duty to consult with the defendant about an appeal only when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480.  In making this determination, a court "must take into account all the information counsel knew or should have known. . . .  Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id.

In Lewis v. Johnson, 359 F.3d 646 (3d Cir. 2004), the Third Circuit Court of Appeals applied Roe v. Flores-Ortega and found ineffectiveness of counsel where defense counsel did not meet with Petitioner or otherwise attempt to contact him after the sentencing proceeding, even though Petitioner had indicated an interest in challenging his conviction by filing a motion to withdraw his guilty plea, in part, based on a claim of ineffective assistance of counsel.  Lewis, 359 F.3d at 649-660.  Accordingly, the Third Circuit held that:

> [t]rial counsel's testimony, coupled with the bare-boned post-trial motion to withdraw the guilty plea that [Petitioner] filed 28 days late, evidence an inattention to his client's interests, a neglect which caused [Petitioner] to forfeit his right of appeal. . . .  We believe this record compels a finding that trial counsel's conduct was objectively unreasonable.

Id. at 660-61.

In the case sub judice, Attorney Abeln represented Petitioner at sentencing and during the

6

ten-day appeal period. Although Attorney Abeln had previously represented Petitioner in July of 2003 on this matter, that representation was of very limited duration and preceded the litigation of Petitioner's motion to suppress and his negotiated plea. (T.R. at 28.)[1] When Attorney Abeln reentered the case, Petitioner had already entered a conditional plea of guilty pursuant to a plea agreement with the Government and had litigated multiple pre-trial motions, including a motion to suppress evidence and a motion to withdraw the guilty plea. (Doc. Nos. 37-39, 41, 43, 45, 47, 49, 52, 54, 59, 111.) Early on in his second representation, Petitioner and Attorney Abeln discussed filing an appeal on the suppression motion after sentencing. (T.R. 10-11, 15-17.)

Attorney Abeln testified that on March 25, 2005, he met with Petitioner at the Dauphin County prison and discussed the possibly of appeal. (T.R. 30-32.) According to Attorney Abeln, Petitioner had two bases for appeal:

> Abeln: First and foremost, the denial of his motion to withdraw his plea because [Petitioner] was based -- he was proclaiming his innocence at that point. And we talked about that at great length. The other issue was that he wanted to appeal the denial of the suppression motion.
>
> * * *
>
> He was focused on the -- his inability to withdraw his plea because he told me that he was innocent of this and he wanted to go to trial.
>
> Government: Do you recall any conversation with him on that March 25th date now again regarding the second avenue or basis for appeal, the appeal of the denial of the suppression motion?
>
> Abeln: No.
>
> Government: He's testified that he did discuss that with you on that date, and your testimony is contrary to that. Is that correct?

---

[1] For brevity, the January 12, 2006 Evidentiary Hearing Transcript shall be referenced as T.R. followed by the page number.

>    Abeln:   If he discussed it with me, it wasn't the thrust of the conversation, it was basically that he wanted to file an appeal on a denial of the motion to withdraw.

(T.R. at 32.)  Focusing on the withdrawal of plea, Attorney Abeln "shelved [the suppression issue] until a later time because that wasn't at issue right now.  [Petitioner] hadn't been sentenced."  (T.R. 47.)

Attorney Abeln appropriately devoted his attention to the more immediate matter of Petitioner's sentence.  Attorney Abeln met with Petitioner on April 11, 2005 and discussed the presentence report, negotiating a lower sentence, and the possibility of the Court revisiting Petitioner's motion to withdraw plea.  (T.R. 33-36.)  Thereafter, Attorney Abeln successfully argued for a sentence substantially lower than the guideline sentence of 262 to 327 months suggested by the presentence investigation report.  In fact, Petitioner's sentence was so much lower than that anticipated that Petitioner agreed to abandon his motion to withdraw his plea and expressed satisfaction with this sentence.  According to Attorney Abeln's recollection, this reduction obviated Petitioner's desire to appeal:

>    We never discussed filing an appeal [after sentencing] because we were both so happy that he got the sentence that he got. . . .  [W]hen he got that sentence, you know, when he was happy, I assumed that since he didn't [withdraw his appeal], instead of taking the sentence, that that terminated my legal representation of him.

(T.R. 37.)  Attorney Abeln testified that Petitioner did not instruct him to file an appeal during their brief meeting after sentence.  (T.R. 37-38.)

The Court credits Attorney Abeln's testimony, buttressed by his notes taken contemporaneously with the events at issue.  Nevertheless, the Court also finds creditable Petitioner's testimony that he was under the assumption that his attorney would timely file an

8

appeal on the suppression issue on his behalf after sentencing. The Court notes the rotation of attorneys in this case and concludes that the apparent misunderstanding regarding Petitioner's unwavering desire and expectation that the decision on the motion to suppress would be appealed is a direct result of the number of attorneys who counseled Petitioner. Although it is clear to the Court that Petitioner was unwavering in his resolve to challenge the suppression ruling, the strength of his resolve was not nearly so apparent to Attorney Abeln who came late to the case. On withdrawal from Petitioner's case, prior counsel failed to communicate directly with Attorney Abeln. As Attorney Abeln was not involved in the suppression motion or the plea agreement, he mistakenly assumed the reduced sentence had obviated Petitioner's desire to exercise his right to appeal this issue.

Although it is understandable that Attorney Abeln, appointed to represent Petitioner only at sentencing, would assume that Petitioner was forfeiting his right to appeal, counsel's actions must nevertheless be considered in light of Petitioner's earlier specific requests to Attorney Abeln and the prior counsel that an appeal be taken of the Court's order denying the motion to suppress. Even if Attorney Abeln concluded that any appeal would be frivolous, he could not disregard the evidence of Petitioner's expressed desire to challenge the Court's Suppression Order. Anders, 386 U.S. at 744. Accordingly, the Court must find that defense counsel was deficient for failing to lodge Petitioner's appeal on the motion to suppress.

Under the second Strickland prong, "counsel's deficient performance must actually cause the forfeiture of the defendant's appeal." Flores-Ortega, 528 U.S. at 484. Petitioner must demonstrate "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. "When counsel's

constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id. at 485.  In the matter sub judice, the record sufficiently demonstrates that Petitioner intended to appeal and, but for his counsel's deficient conduct, would have appealed this Court's suppression order.  As stated above, the Court credits Petitioner's testimony that he intended to appeal and assumed that his counsel was filing the necessary papers on his behalf.[2]  Petitioner's preservation of his right to appeal this issue during plea negotiations demonstrates Petitioner's desire to pursue such an appeal.  Accordingly, the Court finds that defense counsel's failure to consult with Petitioner after sentencing and failure to file a notice of appeal on his behalf, caused Petitioner to forfeit his right to appeal and therefore, violated Petitioner's Sixth Amendment right to effective assistance of counsel.

If defense counsel fails in his duty to follow his client's wishes and forfeits the defendant's right to appeal, the proper remedy is for the Defendant to be resentenced with credit for time served, so that the defendant may have the chance to perfect a timely appeal.  See Rodriguez, 395 U.S. at 329-30; Bonneau, 961 F.2d at 23; United States v. Davis, 929 F.2d 554, 557 (10th Cir. 1991); United States v. Soto, 159 F. Supp. 2d 39, 50-51 (E.D. Pa. 2001).  Therefore, the Court will reimpose sentence on Petitioner with credit for time served.

---

[2] The Government admits that should Petitioner's appeal of the suppression ruling be successful, it would be unlikely that the Government could continue its prosecution.  (T.R. 63.)

### III. Order

**AND NOW**, this 3rd day of February, 2006, upon consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 18 U.S.C. § 2255 (Doc. No. 139), the Government's response thereto, the evidentiary hearing, and the record as a whole, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's motion is **GRANTED**;

2. The Court's Order of April 15, 2005 (Doc. No. 132) imposing sentence on Petitioner is **VACATED**;

3. Petitioner will be resentenced on February 27, 2006 at 11:00 a.m., in Courtroom No. 4, 8th Floor, Federal Building, Harrisburg, Pennsylvania.


          S/ Yvette Kane
          Yvette Kane
          United States District Judge

Dated: February 3, 2006